# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CLIFTON ROLLINS, AVON RAWLS, AND**
**KELVIN RAWLS**                                                                           **PLAINTIFFS**

**V.**                                                                **CIVIL ACTION NO. 2:14cv61-KS-MTP**

**HATTIESBURG POLICE DEPARTMENT, AND**
**OFFICER ADAM S. MCGINTY, INDIVIDUALLY**
**AND IN THIS OFFICIAL CAPACITY, AND**
**JOHN DOES 1, 2, 3, 4, AND 5**                                             **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Strike Defendants' Motion for Summary Judgment, or for Leave for Additional Time to File a Response ("Motion to Strike") [48]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

Plaintiffs Clifton Rollins, Avon Rawls, and Kelvin Rawls assert various federal and state law claims relating to their arrests on January 9, 2012 in Hattiesburg, Mississippi. Plaintiffs name the Hattiesburg Police Department (the "Department") and Officer Adam S. McGinty (in his individual and official capacities) as Defendants. On March 16, 2015, the Department and Officer McGinty moved for summary judgment on all of the Plaintiffs' claims. (*See* Defs.' Mot. for SJ [44].) On April 2, 2015, Plaintiffs filed their Motion to Strike [48]. Plaintiffs principally request that the Court strike the Motion for Summary Judgment [44] on the basis that the Defendants have failed to submit evidentiary facts in support of their request for judgment as a matter of law. In the alternative, Plaintiffs seek additional time to respond to the Defendants' summary

judgment motion.

Plaintiffs' principal request for relief is not well taken. Plaintiffs argue that all but one of the exhibits attached to Motion for Summary Judgment constitute inadmissible hearsay and thus, Defendants "have wholly failed to support their Motion for Summary Judgment with any evidentiary facts to support their argument that there are no genuine factual disputes which would entitle them to summary judgment as a matter of law." (Pls.' Mot. to Strike [48] at ¶ 4.) Plaintiffs overlook that they will bear the burden of proof at trial on their claims against the Department and Officer McGinty. It is well established that "where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). This principle is reflected in Federal Rule of Civil Procedure 56(c)(1)(B), which recognizes that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. The Department and Officer McGinty primarily seek summary judgment on the grounds that Plaintiffs cannot produce evidence supporting essential components of their claims. The admissibility of the exhibits attached to the Motion for Summary Judgment [44] has no bearing on the Plaintiffs' ability to rebut this assertion by supplying facts creating a genuine issue for trial.[1] Therefore, Plaintiffs' above-quoted

---

[1] Officer McGinty does possess the burden of proof as to his statute of limitations defense on the Plaintiffs' claims for assault, battery, false imprisonment, and the like.

argument fails to necessitate the denial of the summary judgment motion or require striking the motion from the record. Plaintiffs' evidentiary objections to Defendants' exhibits may be raised in their opposition to summary judgment pursuant to Rule 56(c)(2). "There is no need to make a separate motion to strike." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. The Court will afford the Plaintiffs a brief extension of time to file their opposition given the length of time the summary judgment motion has been pending.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs' Motion to Strike [48] is granted in part and denied in part. The motion is granted to the extent that the Plaintiffs' time to file their response to the pending Motion for Summary Judgment [44] is extended until May 22, 2015. The Motion to Strike [48] is denied in all other respects.

SO ORDERED AND ADJUDGED this the 11th day of May, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

*See, e.g., Bivens v. Forrest County*, No. 2:13cv8, 2015 WL 1457529, at *16 (S.D. Miss. Mar. 30, 2015); *Blessitt v. King's Daughters Hosp. of Yazoo County, Inc.*, 18 So. 3d 878, 881 (¶ 8) (Miss. Ct. App. 2009). However, it appears the defense can be resolved through judicial notice of adjudicative facts—the date of Plaintiffs' arrests and the date of the filing of the Complaint [1]—and does not implicate any disputed evidentiary materials. *See* Fed. R. Evid. 201.